UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SHIRLEY SANTHOSH and MAMMEN SANTHOSH,

Plaintiffs,

**ORDER**
25-CV-1447 (EK)(JAM)

-against-

WELLS FARGO BANK, N.A.,

Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

In its May 20, 2026 order granting in part and denying in part defendant's motion to dismiss the Santhoshes' Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, suit, the Court allowed one claim to proceed against Wells Fargo Bank, N.A. ("Wells"). Memorandum & Order, ECF No. 33 ["MTD Order"] at 17 ("The sole claim that will proceed is the allegation that Wells's response to the plaintiffs' first QWR [qualified written request] violated RESPA by failing to provide all available information."). The Court ruled that this claim could proceed because the Santhoshes sufficiently alleged actual damages in the form of expenses incurred in the preparation of a second QWR ("QWR 2") which "was required because of Wells's inadequate response to QWR 1." MTD Order at 14. The Court held that though these damages "may be insubstantial, [] that is a question for a later date." *Id.*

On November 2, 2026, the Second Circuit issued a ruling, *Murray v. Newrez LLC*, 2026 WL 3298576 (2nd Cir. Nov. 2, 2026), in which it held that "[a]ttorney's fees are not actual damages under RESPA because the statute provides for such fees '[*i*]*n addition to*' actual damages." *Id.* at *2 (citing 12 U.S.C. § 2605(f)(3)).[1]

Consequently, on or before November 23, 2026, in a brief not exceeding twelve single-spaced pages, the Santhoshes should address whether and why their remaining RESPA claim survives *Murray*. On or before December 7, 2026, in a brief not to exceed the same length, defendant should file a response. On or before December 14, the Santhoshes should file a reply, not to exceed six single-spaced pages.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: **November 9, 2026**
Brooklyn, New York

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.